IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNIE NELL JONES, JR.,          )
                                  )
          Plaintiff,              )
                                  )
v.                                )          Civil Action No. 3:20CV331–HEH
                                  )
KAREN BROWN, *et al.*,            )
                                  )
          Defendants.             )

## MEMORANDUM OPINION
### (Dismissing Action for Failure to State a Claim and as Legally Frivolous)

Johnnie Nell Jones, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  As explained below, the Court has previously addressed and rejected Jones's claim that his constitutional rights were violated when he was determined to be ineligible for parole in 1995.  *See Jones v. Johnson*, 3:06CV118 (E.D. Va. Aug. 28, 2007).  Accordingly, the current action will be dismissed because it fails to state a claim and is legally frivolous and malicious.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

2

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS

By Memorandum Order entered on June 16, 2021, the Court advised Jones that his "rambling and conclusory allegations fail[ed] to provide each defendant with fair notice

3

of the facts and legal basis upon which his or her liability rests." (ECF No. 29 at 2 (citations omitted).)[2] Accordingly, the Court directed Jones to particularize his complaint within fourteen (14) days of the date of entry thereof. (*Id.*) On June 29, 2021, the Court received Jones's Particularized Complaint. ("Complaint," ECF No. 30).

In his Complaint, Jones describes himself as a "first–time convicted armed–robber with multiple robbery convictions." (ECF No. 30 at 2.)[3] Jones avers that in 1995, he was improperly determined to be ineligible for parole. (*Id.* at 1.) On an unspecified date, Jones alleges that he contacted Defendant Brown, the current Chairwoman of the VPB, and expressed his concerns to her. (*Id.* at 2.) Defendant Brown allegedly told Jones that she had "confidence" in the personnel that made the decision to classify him as parole ineligible. (*Id.*) Jones then addressed his concerns to Defendant Clarke, the Director of the VDOC. (*Id.*) Defendant Clarke's alleged response appears to have been consistent with Defendant Brown's. (*Id.*) Jones asserts that his rights have been violated for twenty–six (26) years and describes his current detention as "unlawful incarceration." (*Id.* at 2–4.) Jones seeks monetary damages in excess of two million dollars. (*Id.* at 3–4.)

Notwithstanding the Court's prior admonishment concerning the level of specificity that was required of him, Jones's particularized allegations remain rambling and conclusory. Despite being instructed on how to particularize his allegations (*see* ECF No. 29 at 2), Jones fails to set forth clearly delineated claims against the Defendants. *See*

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

[3] The Court corrects the capitalization, punctuation, and spelling in the quotations from Jones's submissions.

4

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (observing that "[d]istrict judges are not mind readers" and noting that principles of liberal construction do not require "courts to conjure up questions never squarely presented to them"). Nevertheless, it is clear to the Court that the crux of the Complaint is that Jones continues to believe that he was unconstitutionally determined to be ineligible for parole in 1995, despite the fact that this Court has previously rejected that contention.

## III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Jones's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Jones's Complaint will be dismissed for failing to state a claim and because it is legally frivolous and malicious.

### A. Prior Litigation of the 1995 Parole Ineligibility Determination

On or about February 8, 2006, Jones submitted a prior 42 U.S.C. § 1983 complaint, wherein, he challenged, among other things, the Virginia Parole Board's conclusion that he was not eligible for parole. Complaint Attachment 2–3, *Jones v. Johnson*, 3:06CV118 (E.D. Va. Aug. 28, 2007). By Memorandum Opinion and Final Order entered on August 28, 2007, this Court dismissed Jones's § 1983 action. *Jones v. Johnson*, 3:06CV118 (E.D. Va. Aug. 28, 2007). Specifically, the Court wrote:

> Plaintiff Johnnie N[ell] Jones, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action, alleging that the Defendants violated his constitutional rights by allegedly denying him good time credits and finding him ineligible for discretionary parole. . . .

5

## I. Background

Jones is presently incarcerated for a variety of state convictions, of which three robbery convictions must be highlighted. Jones was convicted of robbing: (1) a Chevron Food Mart in Norfolk, Virginia, on December 17, 1992; (2) a Revco Drug Store in Norfolk, Virginia, on December 22, 1992; and, (3) a 7–11 store in Chesapeake, Virginia, on December 23, 1992. (Defs.' Mem. Supp. Mot. Summ. J., Ewing Aff. ¶¶ 6–8, 16.) Jones is presently serving a sentence of 44 years, 6 months, and 20 days for all of his convictions. (*Id*. at ¶ 3.)

The Virginia Department of Corrections ("VDOC") determined that these three convictions were not part of a common act, transaction or scheme. Accordingly, they were "qualifying robberies" pursuant to Virginia Code § 53.1–151(B1),[4] thereby rendering Jones ineligible for discretionary parole. (Defs.' Mem. Supp. Mot. Summ. J., Ewing Aff. ¶ 18.) Jones is eligible for mandatory parole, for which he has an anticipated release date of February 22, 2016. (*Id*. at ¶ 23.)

As of April 18, 2002, Jones began earning good conduct credits at the highest Good Conduct Allowance (GCA) level, Class I. (*Id*. at ¶ 21.) VDOC policy requires that all earned good conduct credits are applied to reduce the amount of time an inmate must serve before attaining his anticipated mandatory release date. (*Id*.) Jones is not earning time towards a discretionary parole date, because he is not eligible for discretionary parole. (*Id*. at ¶ 18.)

. . . On an unknown date, Jones appealed the VDOC's determination of parole ineligibility to the Virginia Parole Board ("Board"). On May 31, 2001, the Board denied the appeal and affirmed that Jones is ineligible for discretionary parole under Virginia Code § 53.1–151(B1). The Board notified Jones of its decision by letter on that date. (Defs.' Mem. Supp. Mot. Summ. J., Ewing Aff, Encl. C.)

. . . .

---

[4] Virginia Code § 53.1–151(B1) reads:

Any person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole. In the event of a determination of the Department of Corrections that an individual is not eligible for parole under this subsection, the Parole Board may in its discretion, review that determination, and make a determination for parole eligibility pursuant to regulations promulgated by it for that purpose. Any determination of the Parole Board of parole eligibility thereby shall supersede any prior determination of parole ineligibility by the Department of Corrections under this subsection.

### III. Analysis

**A. Due Process**

Jones first asserts his good time credits are being applied incorrectly, "denying him his protected due process and liberty interest of his parole eligibility." (Pet. 4.) To succeed on a due process claim, a plaintiff must prove two prongs. First, courts must consider whether the plaintiff has a protected liberty interest within the meaning of the Fourteenth Amendment. Second, courts must ask whether the plaintiff received the procedural process he or she was due. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

As to the first prong, no constitutional right to parole per se exists. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). As a result, the United States Court of Appeals for the Fourth Circuit recognizes due process rights in parole proceedings when "the state has created 'a legitimate claim of entitlement' to some aspect of parole." *Id.* (quoting *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). The Code of Virginia does create some protected liberty interests in consideration for parole eligibility. *Hill v. Jackson*, 64 F.3d 163, 170 (4th Cir. 1995). Even in light of this liberty interest, the Fourth Circuit has noted that inmates are entitled to no more than minimal process and the interest runs towards the second prong of the court's analysis, the procedural process due. "An inmate has a *de minimis* liberty interest in parole in Virginia that he is, at most, entitled to a reason for denial." *Davis v. Fahey*, No. 3:04CV607, 2005 WL 940572, *3 (E.D. Va. Apr. 22, 2005) (*quoting Vann*, 73 F.3d at 522).

Jones appealed the determination of ineligibility to the Board, which responded with a letter explaining the reason for denial. The letter stated: ". . . [the Board] has determined you to be ineligible for parole as determined by the Department of Corrections." (Defs.' Mem. Supp. Mot. Summ. J., Ewing Aff., Encl. C.) Jones does not deny that, at the least, he received this amount of process. It is clear that Jones was provided with all the process he was due and his due process claims must be DISMISSED.[5]

*Id.* at 1–2, 4–5 (alterations in footnote numbering) (omissions and alterations in final paragraph in the original). Jones did not note an appeal following the dismissal of his prior § 1983 action.

---

[5] This Court will not address the merits of the individual decision of the Board, as that would involve second–guessing the decisions of the Board and the Virginia General Assembly. As the Fourth Circuit has noted, "Such an exercise in state statutory refinement would compromise important principles of federalism, undermine state parole authorities, and install the federal judiciary as the final arbiter in yet one more area of state law." *Vann*, 73 F.3d at 522.

Given that the issue of Jones's parole eligibility has already been litigated and decided against Jones, the doctrine of *res judicata* bars Jones from relitigating his claim in the current action.[6] *See Paragon Servs., Inc. v. Hicks*, 843 F. Supp. 1077, 1079 (E.D. Va. 1994) (observing that under the doctrine of *res judicata*, "parties may not attempt to relitigate claims which were *or could have been* raised in an earlier suit where a final judgment on the merits was reached" (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982))); *cf. id.* (noting that under the related doctrine of collateral estoppel, "parties may not attempt to relitigate claims which have been *actually* litigated by the parties in an earlier suit" (citing *Young Eng'rs, Inc. v. ITC*, 721 F.2d 1305, 1314 (Fed. Cir. 1983))). Indeed, Jones's blatant attempt to rehash a long-settled matter constitutes an abuse of the judicial process. *See Clay v. Yates*, 809 F. Supp. 417, 427–28 (E.D. Va. 1992) (observing that "a complaint which merely repeats pending or previously litigated claims may be considered abusive") (citation omitted). Accordingly, Jones's claims will be dismissed for failure to state a claim and because they are legally frivolous and malicious.[7]

---

[6] Jones has also raised the issue of his parole ineligibility in a 28 U.S.C. § 2254 petition. *See Jones v. Virginia*, No. 3:14CV343–HEH, 2015 WL 4223270 (E.D. Va. July 10, 2015). There, Jones alleged that his attorney was ineffective for failing to properly advise him concerning his eligibility for parole. *Id.* at *2. The Court found that the statute of limitations barred Jones's claim and denied his petition. *Id.* at *2–3, 5. The Fourth Circuit denied Jones a certificate of appealability and dismissed his appeal. *Jones v. Virginia*, 623 F. App'x 99, 100 (4th Cir. 2015).

[7] In 2007, the Court declined to address the merits of the Virginia Parole Board's decision regarding Jones's parole ineligibility based upon principles of federalism. *See* n.5, *supra*. Current circumstances do not require a different approach. However, were the Court required to delve into the merits of that decision, the Court notes that Jones has failed to allege, except in the most conclusory of terms, exactly how the determination that he was ineligible for parole was incorrect. Jones was convicted of three different robberies, which occurred at three different locations, on three different dates. They were clearly not part of "a common act, transaction or scheme." *See* Virginia Code Ann. § 53.1–151(B1) (West 2021). Consequently, Jones's conclusory assertion that he should be eligible for parole is both legally and factually incorrect.

**B. No Personal Involvement**

Even if Jones were not otherwise barred from relitigating this long–settled matter, his claims would nevertheless be dismissed because his Complaint lacks sufficient specificity and clarity.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). However, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). Instead, the "plaintiff must [demonstrate] that each Government– official defendant, through the official's own individual actions, has violated the Constitution." *Id.*; *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations").

Jones has not specifically alleged that Defendant Brown, Defendant Clarke, or any of the unnamed parole board members listed in his complaint had any direct involvement with the decision to classify him as ineligible for parole in 1995. Indeed, Jones has filed a Motion to Amend, in which he concedes that he "erroneously named Chairwoman Brown and H. Clarke" as defendants because they did not occupy their current positions

in 1995. (ECF No. 33 at 1–2.)[8] Jones's failure to allege that any of the Defendants

directly participated in the events complained of in 1995 is fatal to his claims.[9]

Accordingly, Jones's claims would be dismissed in any event.[10]

---

[8] Jones's Motion to Amend (ECF No. 33) will be denied for two reasons. First, Jones failed to include an amended copy of his Particularized Complaint with his Motion. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981) (observing that when a plaintiff seeks to amend a complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion"). More importantly, for the reasons stated in Section IIIA, amendment at this juncture would be futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted) (observing that "futility of amendment" is a legitimate basis under Rule 15(a) for denying a plaintiff leave to amend a complaint).

[9] To the extent that Jones's allegations could be construed as a challenge not only to the 1995 administrative determination that he was ineligible for parole, but also as a challenge to his continued confinement (*see* ECF No. 30 at 2–4 (describing Jones's current detention as an "unlawful incarceration" and alleging that Jones has suffered an ongoing constitutional deprivation for the past twenty–six years), such a claim would not be cognizable in the context of a § 1983 action. It is well established that a state prisoner cannot use § 1983 as a vehicle to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *but cf. Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (allowing a challenge to a parole ineligibility determination in a § 1983 suit because plaintiff's success would "not mean immediate release from confinement or a shorter stay in prison," rather, the most plaintiff could achieve would be a new parole eligibility review).

[10] Ordinarily, a dismissal for failure to allege that a defendant was personally involved in the deprivation of a plaintiff's rights would be one without prejudice. However, as discussed above, Jones's claims also run afoul of the doctrine of *res judicata*, are abusive, and are legally and factually incorrect. Therefore, the dismissal is one with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, Jones's claims will be dismissed for failure to state a claim and as legally frivolous and malicious.  The Motion to Amend (ECF No. 33) will be denied.  The action will be dismissed.  The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/ _____

Henry E. Hudson
Senior United States District Judge

Date: Nov. 10, 2021
Richmond, Virginia