IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNIE NELL JONES, JR.,          )
                                  )
    Plaintiff,                    )
                                  )
v.                                )      Civil Action No. 3:20CV331–HEH
                                  )
KAREN BROWN, *et al.*,            )
                                  )
    Defendants.                   )

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on November 10, 2021, the Court dismissed this action because Plaintiff's claims were legally frivolous and failed to state a claim. (ECF Nos. 37, 38.) The Clerk was directed to note the disposition pursuant to 28 U.S.C. § 1915(g). (ECF No. 38 at 1.)

On December 7, 2021, the Plaintiff submitted a document to the prison mailroom entitled DISMISSAL OF ALL U.S. DISTRICT COURT'S ACTIONS AS LEGALLY FRIVOLOUS DUE TO ITS FAILURE TO PROVE PLAINTIFF'S FAILURE TO STATE A CLAIM. (ECF No. 44 at 1; ECF No. 44-1 at 1.) The Court deems Plaintiff's submission filed as of this date. *See Houston v. Lack*, 487 U.S. 266 (1988).

Since Plaintiff's submission was filed within twenty-eight days after the entry of the November 10, 2021 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th

Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff does not cite to an intervening change in the controlling law, or new evidence that was not previously available in support of his Rule 59(e) Motion. While Plaintiff takes issue with the Court's determination that his claims were legally frivolous and failed to state a claim, Plaintiff fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 44) will be denied.

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: January 31, 2022
Richmond, Virginia